### TOTEN vs. CASE.

APPEAL from the court of the sixth district —the judge of the seventh presiding.

MARTIN, J. delivered the opinion of the court. The plaintiff, as forced heir of her grandmother, claims certain slaves in the possession of the defendant. The general issue, a release, and prescription, were pleaded.

A sale by a legatee, who holds under a will giving the whole of the estate, while there exists a *forced heir*, is not void, but voidable.

| | |
|---|---|
| 7ns261 | |
| 105 | 558 |
| 105 | 581 |

There was judgment for the defendant, and the plaintiff appealed.

It is admitted that the defendant is in possession of the slaves since the first of February, 1803, and the plaintiff became a wi-

Western Dis, dow in 1808. The present suit was in-
October 1828,
stituted on the 19th of December, 1825, so

TOTIN
vs.
CASE.

that the defendant has possessed during upwards of twenty-two years; and if, as is contended, she cannot avail herself of her possession during the plaintiff's coverture, she has possessed during seventeen years since the widowhood.

A claim of slaves is prescribed by the lapse of fifteen years, even where the possession is in bad faith. *Civil code,* 486, *art.* 66. *Id.* 488, *art.* 74.

But it is said the defendant possesses under the will of a person who had no right to transfer the whole property in said negroes from her forced heir, the plaintiff; and consequently the defendant, holds as a co-tenant with the plaintiff, and cannot prescribe.

The donation *causa mortis* of the whole estate of a person who is forced heir, is not void; the donation is good, but reducible. *id.* 214, *art.* 26; and this reduction can only be claimed by the forced heir, *art.* 28—so the legatee's possession is in her own right.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Deblieux* for the plaintiff—*Morris* for the defendant.